

**NUMBER 13-09-00240-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JOHN MEDELLIN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 319th District Court
of Nueces County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion Per Curiam**

Appellant, John Medellin, attempted to perfect an appeal from a conviction for aggravated assault. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on April 8, 2009. No motion for new trial was filed. Notice of appeal was filed on July 21, 2009. On July 31, 2009, the Clerk of this Court

notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On August 12, 2009, appellant filed with this Court a motion for leave to file extension of time to file appeal.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

Appellant's notice of appeal was due to have been filed on or before May 18, 2009. Appellant did not file a notice of appeal or motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3 within the 15-day time period. *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM.

2

PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240

(Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM


Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 31st day of August, 2009.